IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

----------------------------------------------------- x

FREE MARKET ENVIRONMENTAL
LAW CLINIC,
9033 Brook ford Road                            Civil Action No. 13-01778
Burke, Virginia, 22015

ENERGY & ENVIRONMENT LEGAL
INSTITUTE,
2020 Pennsylvania Avenue N.W. #186
Washington, D.C. 20006

                    Plaintiffs,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,
1200 Pennsylvania Avenue N.W.
Washington, D.C. 20460

                    Defendant.

----------------------------------------------------- x

## ANSWER

Defendant, the United States Environmental Protection Agency ("EPA" or "Agency"), by and through the undersigned counsel, hereby responds to the Complaint filed by plaintiffs Free Market Environmental Law Clinic ("ELC") and Energy & Environment Legal Institute ("E&E Legal"). In response to the numbered paragraphs and sentences of the Complaint, defendant admits, denies, or otherwise responds as follows:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff Energy & Environment Legal did not request the fee waiver that is the subject of this lawsuit, and EPA did not apply the legal standard for the fee waiver decision to Energy &

Environment Legal, therefore Energy & Environment Legal has not demonstrated it has standing and has failed to exhaust its administrative remedies.

## THIRD DEFENSE

As a separate and further defense, answering specifically the numbered paragraphs of plaintiffs' Complaint and without waiving any defenses and/or objections, defendant admits, denies, or otherwise avers as follows:

1.      This paragraph contains plaintiffs' characterization of this action and legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendant avers that plaintiffs filed a complaint purporting to bring claims under the Freedom of Information Act, 5 U.S.C. § 552, ("FOIA"), and denies the remaining allegations in this paragraph.

2.      The first two sentences of this paragraph contain conclusions of law to which no response is required.  The third sentence of this paragraph contains a statement which defendant lacks sufficient information or knowledge at this time to admit or deny.  To the extent a response is deemed necessary, defendant denies the allegations in this paragraph.

3.      Defendant denies the allegations in this paragraph, and avers that it granted a partial waiver of fees to the Free Market Environmental Law Clinic and the American Tradition Institute on October 23, 2013.

4.      Defendant denies the allegations in this paragraph.

5.      This paragraph states conclusions of law to which no response is required.  To the extent a response is deemed necessary, defendant denies the allegations in this paragraph.

6.     Defendant denies the first two sentences of this paragraph.  The third sentence contains a statement which defendant lacks sufficient information or knowledge at this time to admit or deny.  Defendant denies the allegations of the fourth sentence, except to admit that the EPA's Office of the Inspector General ("OIG") began an evaluation of EPA's Freedom of Information Act Fee Waiver Process in June of 2013, at the request of the then Acting Administrator of the EPA.

7.     Defendant denies the allegations in this paragraph, and lacks sufficient knowledge to respond on the status of any review by the independent OIG except to aver that the OIG program evaluation is ongoing.

8.     Defendant denies the allegations in this paragraph.

9.     This paragraph contains a statement about the reasons plaintiffs filed the instant lawsuit, to which no response is required.  To the extent a response is deemed necessary, defendant denies the allegations in this paragraph.

10.     This paragraph contains references to written statements by government officials about transparency in government, to which no response is required.  The Court is respectfully referred to the cited documents as the best evidence of their contents.

11.     This paragraph consists of plaintiff's characterization of itself, which does not require a response.  Defendant lacks sufficient information to admit or deny the accuracy of this statement.

12.     This paragraph consists of plaintiff's characterization of itself, which does not require a response.  Defendant lacks sufficient information to admit or deny the accuracy of this statement.

13.    Defendant admits that it is a federal agency with headquarters in Washington, D.C.

14.    This paragraph contains plaintiffs' statement of jurisdiction and states a conclusion of law to which no response is required.  To the extent a response is required, defendant does not contest the Court's subject matter jurisdiction.

15.    This paragraph contains plaintiffs' statement of venue and states a conclusion of law to which no response is required.  To the extent a response is required, defendant does not contest that venue is proper in this Court.

16.    Defendant admits that a FOIA request seeking the described documents was submitted on July 16, 2013 to EPA, and the Court is referred to a copy of that request for a complete and accurate statement of its comments.  Defendant denies that one of the submitters of this request was the Energy & Environment Legal Institute.

17.    Defendant denies the allegations in this paragraph and avers that it sent plaintiffs an acknowledgement letter dated July 18, 2013 and assigned the request tracking number EPA-R10-2013-008285.

18.    This paragraph contains the context and alleged reasons for plaintiffs' FOIA request to which no response is required. As to the remaining allegations contained in this paragraph, EPA lacks sufficient knowledge to affirm or deny.

19.    Defendant denies the allegations in this paragraph and avers that defendant did receive a request from the Free Market Environmental Law Clinic and the American Tradition Institute for records related to another coal export terminal in EPA Region 6, EPA's FOIA Office in headquarters denied the initial request for a fee waiver for the Region 6 request, and that EPA

Region 6 produced records at no cost to plaintiffs because EPA did not incur costs above the $14.00 threshold contains in EPA's regulations for charging fees.  Defendant further avers that the response letter sent by Region 6 did not contain a fee waiver decision or grant, and did not withhold any documents as exempt.

20.    This paragraph contains plaintiffs' characterization of this history of their request and EPA's response, to which no response is required.  To the extent a response is deemed necessary, defendant denies the allegations in this paragraph and the Court is respectfully referred to EPA's referenced response for a complete and accurate statement of its contents.

21.    This paragraph contains plaintiffs' description of their FOIA request and included fee waiver request, to which no response is required.  The Court is respectfully referred to plaintiffs' request as the best evidence of its contents.

22.    Defendant admits the allegations in this paragraph, and further avers that Mr. Hartman is not and was not an EPA employee charged with evaluating the sufficiency of plaintiffs' fee waiver request or appeal.

23.    This paragraph contains plaintiffs' description of EPA's initial fee waiver denial, to which no response is required.  The Court is respectfully referred to defendant's initial fee waiver denial letter as the best evidence of its contents.

24.    This paragraph contains plaintiffs' description of their administrative appeal, to which no response is required.  The Court is respectfully referred to plaintiffs' appeal as the best evidence of its contents.

25.    There is no paragraph 25 of the complaint.

26.    There is no paragraph 26 of the complaint.

27.    There is no paragraph 27 of the complaint.

28.    There is no paragraph 28 of the complaint.

29.    Defendant admits the allegations in this paragraph, and further avers that on September 26, 2013 defendant contacted Christopher Horner via email and informed him that EPA expected to be able to issue an appeal decision within several days, and that subsequently the federal government shut down on October 1, 2013, and that on October 18, 2013 defendants again contacted Mr. Horner regarding the status of the appeal upon the re-opening of the federal government.

30.    This paragraph contains plaintiffs' description of EPA's appeal determination, to which no response is required.  The Court is respectfully referred to defendant's appeal determination as the best evidence of its contents.

31.    This paragraph contains plaintiffs' description of EPA's appeal determination, to which no response is required.  The Court is respectfully referred to defendant's appeal determination as the best evidence of its contents.

32.    This paragraph states conclusions of law to which no response is required.

33.    This paragraph states conclusions of law to which no response is required.

34.    This paragraph states conclusions of law to which no response is required.

35.    This paragraph states conclusions of law and assertions about plaintiffs' reasons for requesting fee waivers, to which no response is required and about which EPA lacks sufficient information or knowledge to confirm or deny.

36.    This paragraph states conclusions of law and assertions about plaintiffs' reasons for requesting fee waivers to which no response is required and about which EPA lacks sufficient information or knowledge to confirm or deny.

37.    This paragraph contains an assertion about plaintiffs' fee waiver request, legal conclusions, and a citation to the Freedom of Information Act, to which no response is required. The Court is respectfully referred to defendant's request and the statutory text as the best evidence of their contents.  Defendant denies that plaintiff Energy & Environment Legal has demonstrated it submitted the FOIA and fee waiver requests at issue.

38.    This paragraph contains assertions about plaintiffs' reasons for requesting records and legal conclusions, to which no response is required.  The Court is respectfully referred to the administrative record as the best evidence of the facts supporting defendant's administrative determinations.

39.    This paragraph states conclusions of law, to which no response is required.

40.    This paragraph states conclusions of law, to which no response is required.

41.    Defendant denies the allegations in this paragraph.

42.    Defendant denies plaintiffs' characterization of EPA's practices, denies that plaintiff Energy and Environment Legal has demonstrated that it is the same organization as the former American Tradition Institute (ATI), and denies that it has previously granted a fee waiver to the Environmental Law Clinic.  Defendant admits that EPA has granted a fee waiver to a previous unrelated request or requests from the American Tradition Institute.

43.    This paragraph contains plaintiffs' characterization of EPA's history of granting fee waivers to other requesters and descriptions of other requesters, which are irrelevant to the

7

resolution of the claims set forth in the complaint.  To the extent a response is deemed necessary, defendant admits that it has granted fee waivers to other groups and respectfully refers the Court to the administrative record for the basis for defendant's decisions on the requests at issue here.

44.     This paragraph generally characterizes plaintiffs' own activities and interactions with media outlets and their allegations about their own publication activities, to which no response is required, and about which EPA lacks sufficient information to admit or deny.  To the extent a response is deemed necessary, defendant respectfully refers the Court to the administrative record as the basis for defendant's decisions.

45.     This paragraph contains plaintiffs' characterization of EPA's history of granting fee waivers to other requesters and descriptions of other requesters, which are irrelevant to the resolution of the claims set forth in the complaint.  To the extent a response is deemed necessary, defendant denies the allegations contained in this paragraph, and further avers that ELC's fee waiver was granted in part.

46.     This paragraph contains plaintiffs' characterization of EPA's history of granting fee waivers to other requesters and descriptions of other requesters, which are irrelevant to the resolution of the claims set forth in the complaint.  To the extent a response is deemed necessary, defendant denies the relevance of the comparisons plaintiffs make.

47.     This paragraph contains plaintiffs' characterization of EPA's history of granting fee waivers to other requesters, descriptions of other requesters, and legal argument which are irrelevant to the resolution of the claims set forth in the complaint and do not require a response. To the extent a response is deemed necessary, defendant admits that other organizations have been granted fee waivers and denies the relevance of plaintiffs' argument.

48.    The first sentence is denied.  The remainder of this paragraph describes and refers to a Senate Minority Report, to which no response is required, and to which the Court is respectfully referred to as the best evidence of its content.  To the extent a response is deemed required, defendant denies the allegations in this paragraph.

49.    Defendant denies the allegations in this paragraph.

50.    This paragraph contains plaintiffs' characterizations of EPA's response to the request to which no response is required.  To the extent a response is required, the Court is respectfully referred to the administrative record as the best evidence of the facts supporting defendant's administrative determinations.

51.    Defendant denies the allegations in this paragraph.

52.    This paragraph states conclusions of law to which no response is required.  To the extent a response is deemed necessary, defendant denies the allegations in this paragraph.

53    This paragraph re-alleges paragraphs 1-52.  Defendant re-alleges the above responses to the corresponding paragraphs.

54.    This paragraph states legal conclusions to which no response is required.

55.    Defendant denies the allegations in this paragraph.

56-59.  These paragraphs state legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations.

60.    This paragraph contains requests for relief to which no response is required.  To the extent a response is required, defendant denies that the plaintiffs are entitled to the requested relief or any relief whatsoever.

61.    This paragraph re-alleges paragraphs 1-60.  Defendant re-alleges the above responses to the corresponding paragraphs.

62-63.  These paragraphs state legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations.

64.    This paragraph re-alleges paragraphs 1-63.  Defendant re-alleges the above responses to the corresponding paragraphs.

65-67.  These paragraphs state legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations.

68.    This paragraph contains requests for relief to which no response is required.  To the extent a response is required, defendant denies that the plaintiffs are entitled to the requested relief or any relief whatsoever.

69.    This paragraph re-alleges paragraphs 1-68.  Defendant re-alleges the above responses to the corresponding paragraphs.

70.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations.

71.    This paragraph contains requests for relief to which no response is required.  To the extent a response is required, defendant denies that the plaintiffs are entitled to the requested relief or any relief whatsoever.

72.    This paragraph re-alleges paragraphs 1-71.  Defendant re-alleges the above responses to the corresponding paragraphs.

73-75.  These paragraphs state legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations.

76.     This paragraph contains requests for relief to which no response is required.  To the extent a response is required, defendant denies that the plaintiffs are entitled to the requested relief or any relief whatsoever.

77.     This paragraph re-alleges paragraphs 1-76.  Defendant re-alleges the above responses to the corresponding paragraphs.

78.     This paragraph states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations.

79.     This paragraph contains requests for relief to which no response is required.  To the extent a response is required, defendant denies that the plaintiffs are entitled to the requested relief or any relief whatsoever.

80.     This paragraph re-alleges paragraphs 1-79.  Defendant re-alleges the above responses to the corresponding paragraphs.

81.     This paragraph states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations.

82.     This paragraph contains requests for relief to which no response is required.  To the extent a response is required, defendant denies that the plaintiffs are entitled to the requested relief or any relief whatsoever.

83.     This paragraph states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations.

84.     The remainder of the Complaint is a request for relief to which no response is required.  To the extent a response is required, defendant denies that the plaintiffs are entitled to the requested relief or any relief whatsoever.

Each and every allegation not heretofore expressly admitted or denied is denied.

Respectfully submitted,

RONALD C. MACHEN JR. D.C. Bar #447889
United States Attorney for the
District of Columbia

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:      */s/ Kevin Laden*
       Kevin Laden, VA State Bar No. 48478
       Special Assistant United States Attorney
       555 4th Street, N.W., E-4916
       Washington, D.C.  20530
       Tel: (202) 252-2569
       kevin.laden@usdoj.gov